UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DANIEL LINAREZ-RODRIGUEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>KORY L. HONEA, et al.,<br><br>             Defendants. | No. 2:22-cv-1692 KJN P<br><br>ORDER |

Plaintiff is a county jail inmate prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

<u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege facts that demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

On April 16 and 17, 2022, plaintiff told defendant Rayome, a physician's assistant, that plaintiff was suffering kidney pain.  Rayome told the nurse to check plaintiff's vitals for two days while plaintiff was in pain.  Instead of taking plaintiff's medical concern seriously, Rayome gave plaintiff ibuprofen on April 18, 2022, "thinking it was a kidney stone when he was wrong."  (ECF No. 1 at 3.)  Plaintiff alleges he notified multiple officers of plaintiff's kidney pain and urinating blood, and on April 19, 2022, an unidentified nurse failed to see him.  On April 20, 2022, plaintiff

3

went to Oroville Hospital where he was diagnosed with kidney damage, consistent with polycystic kidney disease. Plaintiff also names Sheriff Kory L. Honea and Jail Commander Hovey as defendants, alleging they failed to train jail employees. Plaintiff seeks money damages.

Discussion

Because plaintiff is a pretrial detainee, his claim of inadequate medical care arises under the Fourteenth Amendment and is evaluated under an objective deliberate indifference standard. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*)). The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Id. at 1125 (citing Castro, 833 F.3d at 1071).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071 (quoted sources omitted)).

Moreover, a defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. Gordon, 888 F.3d at 1125. "[M]ere malpractice" does not establish a constitutional violation. Id.; see also Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001) (noting that even malpractice does not establish a constitutional violation). Gross negligence can be insufficient to establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070). Also, "a difference in medical opinion does not constitute deliberate indifference." George v. Sonoma Cty. Sheriff's Dep't, 732 F. Supp. 2d 922, 937 (N.D. Cal. 2010) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).

Further, misdiagnosis does not establish a constitutional violation. See DiMarzio v. Jacobs, 162 F. App'x 774, at *1 (9th Cir. 2006) (affirming district court's dismissal of "claims that defendants acted with deliberate indifference by misdiagnosing his ruptured disc"). Instead, "[i]n order for deliberate indifference to be established . . . there must be a purposeful act or failure to act on the part of the defendant and resulting harm." Moore v. Thomas, 653 F. Supp. 2d 984, 1000 (N.D. Cal. 2009) (citing McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). "A difference of medical opinion may amount to deliberate indifference if the prisoner shows that 'the course of treatment was medically unacceptable under the circumstances' and defendants 'chose this course in conscious disregard of an excessive risk to [the prisoner's] health.'" Watson v. Veal, 302 F. App'x 654, 655 (9th Cir. 2008) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)). Finally, the delay of, or interference with, medical treatment for a serious medical need, however, can amount to deliberate indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)). The inmate must show harm resulting from the delay. Id.

Defendant Rayome

Here, plaintiff's allegations confirm that defendant Rayome believed plaintiff was suffering from a kidney stone and prescribed plaintiff ibuprofen for his pain. Such allegation does not demonstrate that defendant Rayome's actions were objectively unreasonable.[1] Moreover, that plaintiff was misdiagnosed is insufficient to demonstrate a civil rights violation, but rather would constitute, at most, medical malpractice. Plaintiff alleges no facts demonstrating

---

[1] "Red blood cells can enter the urine at any level of the urogenital tract, from the kidney (beginning at the glomerulus) to the end of the urethra (where it leaves the body). Hematuria is the presence of more than five red cells when the urine is examined under high power. It can be painful or painless. Painful hematuria can occur with renal trauma, kidney stones, sickle-cell disorder, polycystic kidney disease (a congenital condition), and kidney, bladder, and prostate infections." 44 Am. Jur. Proof of Facts 2d 55 (Originally published in 1986).

that any defendant was aware that plaintiff suffered from a kidney disease, [2] or that Rayome's actions under the circumstances were medically unacceptable.  See Gordon, 6 F.4th at 970.  In addition, it appears that plaintiff was properly diagnosed only four days later.  See Allison v. Gomez, 20 F. App'x 615, 615-16 (9th Cir. 2001) (reiterating that "differences in medical opinion as to an inmate's medical treatment do not amount to deliberate indifference," and granting defendant doctor summary judgment because no triable issue existed that any delay in transferring Allison, who suffered hypertension and polycystic kidney disease, to the California Medical Facility caused Allison injury").[3]

In addition, plaintiff's claim that an unidentified nurse "failed to see" plaintiff on April 19, 2022, standing alone, is insufficient to state a cognizable civil rights claim.

Plaintiff's complaint fails to state a cognizable civil rights claim against defendant Rayome.

### Defendants Honea and Hovey

Plaintiff alleges that defendant Honea is in charge of the jail and "responsible for all his employees' training," and that defendant Hovey is the watch commander who is "in charge of all jail operations and functions and employee training," and "is at fault for his employees' lack of training."  (ECF No. 1 at 3.)  However, to the extent plaintiff names defendants Honea and Hovey based solely on their supervisorial roles, such claims fail.  Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

////

---

[2] "Polycystic kidney disease ("PKD") is an inherited disorder in which clusters of cysts develop primarily within your kidneys, causing your kidneys to enlarge and lose function over time.  Cysts are noncancerous round sacs containing fluid.  The cysts vary in size, and they can grow very large."  Polycystic kidney disease, Mayo Clinic, <https://www.mayoclinic.org/diseases-conditions/polycystic-kidney-disease/symptoms-causes> (accessed Nov. 29, 2022).

[3] In Allison, it appears that the prisoner initially sought transfer to a medical facility in his June 19, 1995 inmate appeal, and was transferred to California Medical Facility on May 2, 1997.  Allison v. Gomez, No. CIV S-97-0773 GEB GGH P (E.D. Cal. Apr. 31, 2000) (ECF No. 67 at 7-8) (findings and recommendations on motion for summary judgment).

Plaintiff also fails to establish liability based on a failure to train theory. Plaintiff appears to allege, in conclusory fashion, that defendants Hovey and Honea failed to train. Failure to train may amount to a policy of "deliberate indifference," if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. City of Canton v. Harris, 489 U.S. 378, 390 (1989). Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference." Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989), overruled on other grounds by Beck v. City of Upland, 527 F.3d 853 (9th Cir. 2008). However, mere negligence in training or supervision does not give rise to a Monell claim. Harris, 489 U.S. at 390.

Here, even considering that a failure to train can be a policy under Monell,[4] plaintiff includes no facts showing that the lack of training actually caused the misdiagnosis. Given that plaintiff's symptoms could have resulted from kidney stones, it is not obvious that there was a need for further training, or that any lack of training was the moving force for the misdiagnosis. See Harris, 489 U.S. at 390-91 & n.10.

Plaintiff's complaint fails to state a cognizable civil rights claim as to defendants Honea and Hovey.

Conclusion

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Based on his allegations, it does not appear that plaintiff can allege facts stating cognizable civil rights violations. However, because plaintiff has not had an opportunity to amend and is proceeding pro se, the court grants plaintiff an opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how

---

[4] Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). To show that the County had a policy or custom leading to Monell liability, plaintiff must allege facts demonstrating (1) he had a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference of his constitutional right, and (4) the policy is the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).

7

each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Butte County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

1 | also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2 |     Failure to file an amended complaint in accordance with this order may result in the
3 | dismissal of this action.
4 | Dated: December 1, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7 | /cw/lina1692.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DANIEL LINAREZ-RODRIGUEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>KORY L. HONEA, et al.,<br><br>      Defendants. | No. 2:22-cv-1692 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____      Amended Complaint
DATED:

    _____
    Plaintiff