UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DANIEL LINAREZ-RODRIGUEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>KORY L. HONEA, et al.,<br><br>            Defendants. | No. 2:22-cv-1692 KJN P<br><br>ORDER |

Plaintiff is a pretrial detainee, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On April 19, 2023, plaintiff wrote a letter to the Clerk's Office complaining of issues with receipt of his mail. (ECF No. 20.) Plaintiff requests a temporary restraining order against defendant Foster, who has "access around inmate mail" at the Butte County Jail. (Id.) The undersigned construes plaintiff's letter as a motion for temporary restraining order as to defendant Foster.

As discussed below, the motion is denied without prejudice.

I. Background

This action proceeds on plaintiff's second amended complaint against defendants Foster, Perez, and Rayome. (ECF No. 10.) Plaintiff alleges that in April of 2022, defendants were deliberately indifferent to plaintiff's serious medical needs while he was suffering pain and had blood in his urine, later diagnosed as an inflamed kidney with reduced kidney function.

II. <u>Governing Law</u>

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment. <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. See <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001)("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24 (2008) (citations omitted); <u>Epona v. Cty. of Ventura</u>, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter</u>, 555 U.S. at 20 (citations omitted); see also <u>American Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting <u>Winter</u>, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See <u>Winter</u>, 555 U.S. at 22 (citation omitted). Also, an injunction against individuals not parties to an action is strongly disfavored. See <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . .").

Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. <u>Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.</u>, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." <u>Id.</u> (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." <u>Id.</u>; see <u>Saddiq v. Ryan</u>, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished)

(affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Speculative injury does not constitute irreparable harm. See id.; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp., 395 U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

III. Plaintiff's Motion

Plaintiff alleges that his wife sent him documents from his kidney specialist regarding plaintiff's prior check-ups, but the mail was returned to his wife due to a "stain" on the envelope. (ECF No. 20.) In addition, plaintiff states that at least four envelopes sent by his wife in March were not received by plaintiff. (ECF No. 20.) Plaintiff avers that defendant Foster has "access around inmate mail" at the Butte County Jail, and plaintiff is "led to believe [his] mail may be being held, and delayed in the process of receiving it and or might be tampered with" due to the instant litigation. (Id.) Plaintiff requests a temporary restraining order against defendant Foster.

V. Discussion

First, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to

defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983). Here, no defendant, including defendant Foster, has yet been served with process or appeared in this action.

Second, by his motion, plaintiff seeks relief that is unrelated to the claims proceeding in this case. As the Ninth Circuit stated,

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines, 325 U.S. at 220. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pacific Radiation, 810 F.3d at 636.

Here, while plaintiff speculates that defendant Foster is somehow involved with issues concerning plaintiff's mail, the receipt of plaintiff's mail does not have a strong nexus with whether or not defendants were deliberately indifferent to plaintiff's serious medical needs at the Butte County Jail in April of 2022. In addition, the relief sought differs. In this action, plaintiff seeks money damages; in his motion, plaintiff seeks a restraining order against defendant Foster, and plaintiff does not specifically identify the nature of the restraining order sought. Because plaintiff identified no nexus between his underlying allegations and the instant motion, the motion should be denied.

Importantly, in order to obtain injunctive relief, plaintiff is required to address each element under Winter. Plaintiff provides no facts demonstrating he is likely to succeed on the merits of this action, that the balance of equities tips in his favor, or that an injunction is in the public interest. Plaintiff broadly claims defendant Foster has "access around inmate mail," and plaintiff is "led to believe" that his mail is being held, delayed or tampered with, but he provides no specific facts to support such belief or to connect such actions to defendant Foster. In addition, plaintiff includes no facts showing he is facing the likelihood of irreparable harm. Indeed, the envelope containing documents pertinent to this case was returned to his wife;

4

therefore, such documents were not lost or stolen. Plaintiff did not identify the contents of the other four envelopes. Plaintiff is required to set forth facts demonstrating that irreparable harm is likely, not just possible. Alliance, 632 F.3d at 1131. Because plaintiff fails to address all of the elements under Winter, his motion should be denied.

    For all the above reasons, plaintiff's motion is denied without prejudice.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 20) is denied without prejudice.

Dated: April 28, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lina1692.tro