UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DANIEL LINAREZ-RODRIGUEZ,<br><br>    Plaintiff,<br><br> v.<br><br>KORY L. HONEA, et al.,<br><br>    Defendants. | No. 2:22-cv-1692 KJM KJN P<br><br>ORDER |

  Plaintiff is a Butte County Jail inmate, proceeding pro se. This action was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Defendants Perez and Foster (hereafter "moving defendants") moved to dismiss plaintiff's second amended complaint.[1]

  As set forth below, the undersigned grants moving defendants' motion to dismiss with leave to amend.

Motion to Dismiss

  Legal Standards Governing Motion to Dismiss

  Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

---

[1] Service of process on defendant Rayome was delayed due to difficulties in locating him. Defendant Rayome filed an answer on October 20, 2023.

1

considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)). Otherwise, the motion is treated as one for summary judgment. Id. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal

interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

### Plaintiff's Second Amended Complaint

Plaintiff claims that the delay of prompt medical care and treatment on April 16, 2022, led to blood in his urine on April 17, 2022, as well as pain.  (ECF No. 10 at 6.)  Plaintiff states that the pain and suffering he endured demonstrates a serious medical need for which defendant Rayome is responsible.  On April 18, 2022, defendant Rayome prescribed ibuprofen.  On April 19, 2022, plaintiff advised Correctional Officer Perez, Sgt. Foster and Tower Officer John Doe that plaintiff was in pain and urinating dark blood, "and no one responded."  (ECF No. 10 at 6.)  On April 20, 2022, plaintiff informed Officer Ramirez of plaintiff's pain and blood, pressed the emergency button and went "man down."  Plaintiff was seen at Oroville Hospital on April 20, 2022; Dr. Irwin informed plaintiff he should not be taking ibuprofen because it is an inflammatory.  Plaintiff's back right side kidney was inflamed, and multiple cysts were found in both his kidneys.  On April 22, 2022, the pain became unbearable; at 6:30 p.m. plaintiff informed Officer Graves and tower officer Jane Doe that plaintiff was urinating blood clots.  At 8:00 p.m. Nurse Daniella came by and said she could not give plaintiff anything.  The pain was so bad plaintiff threw up blood and saliva; he pressed the emergency button and was seen by Nurse Daniella with Officer Nava present.  Plaintiff's vitals were checked but he was sent back to his

////

cell.  On April 23, 2022, the pain continued, and plaintiff alerted Officers Severin and Englehart and the tower officer.  "[T]his continued on and off with various symptoms."  (ECF No. 10 at 6.)

Plaintiff was injured by having an inflamed kidney, his kidney function dropped to 53%, "confirmed kidney failure by the negligence of officers and inadequate medical staff, feeling nerve damage, sleep deprivation, etc." (Id.)  Plaintiff seeks money damages.

Legal Standards:  Medical Claims

Because plaintiff is a pretrial detainee, his claim of inadequate medical care arises under the Fourteenth Amendment and is evaluated under an objective deliberate indifference standard.  See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*)).  The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."  Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1071).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071 (quoted sources omitted)).

Moreover, a defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim.  Castro, 833 F.3d at 1071 (citations omitted).  "Thus, the plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'"  Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070).  Therefore, gross negligence, a difference in medical opinion, medical malpractice, or misdiagnosis does not establish a constitutional violation.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); and DiMarzio v. Jacobs, 162 F. App'x 774, *1 (9th Cir. 1989).

Finally, the delay of, or interference with, medical treatment for a serious medical need, however, can amount to deliberate indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)). The inmate must show harm resulting from the delay. Id.

Initial Argument Unavailing

Initially, moving defendants argue that plaintiff's pleading should be dismissed because plaintiff failed to specifically identify under what theory he brought his claims, instead simply relying on the Fourteenth Amendment. The undersigned disagrees. When a plaintiff appears pro se, a court must liberally construe the pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). The rule of liberal construction is "particularly important" in civil rights cases. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). Given plaintiff's factual allegations, plaintiff claims he was denied medical care in violation of the Fourteenth Amendment, as identified in this court's screening order. The undersigned finds plaintiff's allegations sufficient to identify the governing legal theory.

The Parties' Positions

Moving defendants argue as follows. Plaintiff's allegations as to Perez and Foster are insufficient to demonstrate that either defendant made an intentional decision with respect to the conditions of confinement which put plaintiff at a substantial risk of serious harm or that they acted with deliberate indifference to such risk. Plaintiff fails to demonstrate that on April 19, 2022, either defendant was aware that allowing plaintiff to remain in his cell, where he had ready access to an emergency intercom button, placed him at a substantial risk of serious harm. Instead, plaintiff states that any alleged failure to respond to his report amounted to no more than mere negligence. (ECF No. 29 at 2, citing ECF No. 10 at ¶ 4 (Pl.'s Am. Complt.). Plaintiff was seen at the hospital the next day and summoned a nurse on two separate occasions by pressing the button in his cell. (ECF No. 23-1 at 9.) Because plaintiff has been granted multiple opportunities to amend, moving defendants ask that the motion be granted without leave to amend.

In his opposition, plaintiff contends he has the right to be seen immediately if a serious medical concern arises such as the pain he endured "on and off through [his] ordeal."[2] (ECF No. 28 at 1, citing the Butte County Jail Information Handbook.) Plaintiff claims he alerted medical personnel and officers on multiple occasions, and due to defendant Rayome's medical opinion that plaintiff must have a kidney stone, plaintiff was not properly medically evaluated. Plaintiff states that had he been immediately taken on April 19, 2022, to medical and Oroville Hospital he would have known he had polycystic kidney disease. (ECF No. 28 at 2.) Plaintiff holds Officer Perez, Sgt. Foster and Ryan Rayome accountable for their lack of action that resulted in plaintiff's kidney damage and failure. (Id.)

In reply, defendants argue that plaintiff again failed to set forth facts suggesting either defendant Foster or Perez "made an intentional decision with respect to the conditions of [plaintiff's] confinement which put him at a substantial risk of serious harm, or that they acted with deliberate indifference." (ECF No. 29 at 2.) Rather, plaintiff contends it was defendant Rayome's alleged improper diagnosis and treatment of his condition which caused his alleged injuries. Plaintiff failed to demonstrate that either defendant was aware that allowing plaintiff to remain in his cell, where he had access to an emergency intercom button, put plaintiff at a substantial risk of suffering serious harm. Instead, plaintiff conceded that any alleged failure to respond amounted to mere negligence. (ECF No. 29 at 2, citing ECF No. 10 at 5 ¶ 4.) Finally, plaintiff failed to plead facts demonstrating that moving defendants' alleged conduct caused plaintiff's claimed injuries. Rather, plaintiff repeatedly alleges that defendant Rayome's alleged misdiagnosis and treatment caused plaintiff's injuries. (ECF No. 29 at 3.)

Discussion

Admittedly, plaintiff's specific allegations as to defendants Foster and Perez are sparse; the sole allegation as to such defendants is that on April 19, 2022, plaintiff advised defendants

---

[2] Plaintiff included exhibits with his opposition. (ECF No. 28 at 5-14.) However, as noted above, because the undersigned is addressing a motion under Rule 12(b)(6), the court only considers the second amended complaint. Lee, 250 F.3d at 688. Plaintiff is not required to append exhibits to a complaint and did not append any exhibit to his second amended complaint (ECF No. 10).

6

1  Officer Perez and Sgt. Foster that plaintiff was in pain and urinating dark blood and "no one
2  responded." (ECF No. 10 at 6.) However, liberally construed, plaintiff alleges that the moving
3  defendants ignored his claims of pain and that he was urinating dark blood. As a result of
4  defendants ignoring him, plaintiff suffered pain, at least until he saw the doctor the next day.
5  Liberally construed, it appears the Tylenol wasn't working to address plaintiff's pain.

6  That said, plaintiff provides no specific facts as to how he informed each defendant,
7  including whether he described the nature of his pain, and whether he asked each defendant to
8  summon medical help. While he claims, "no one responded," plaintiff fails to make clear how he
9  knew both defendants heard plaintiff or how he concluded, if he did, that each defendant
10 purposefully ignored plaintiff. In addition, plaintiff alleges no facts demonstrating that plaintiff
11 was at substantial risk of harm at the time he informed these defendants, or that either defendant
12 was aware of such risk, particularly given plaintiff's allegations that he had an emergency call
13 button in his cell which he subsequently used to summon medical care, as well as the fact that he
14 was seen at the hospital the next day. The record makes clear that on April 19, 2022, none of the
15 defendants were aware that plaintiff was suffering from a kidney disease. See Allison v. Gomez,
16 20 F. App'x 615, 615-16 (9th Cir. 2001) (granting defendant doctor summary judgment because
17 "no triable issue existed that any delay in transferring Allison, who suffered hypertension and
18 polycystic kidney disease, to the California Medical Facility caused Allison injury").

19 In his opposition, plaintiff now claims that had he been immediately taken to medical and
20 Oroville Hospital on April 19, 2022, he would have known he had polycystic kidney disease.[3]
21 But plaintiff fails to identify the immediate risk of substantial harm he faced in light of moving
22 defendants' alleged failure to respond on April 19, 2022. And plaintiff's pleading does not

---

[3] According to the Mayo Clinic, "[p]olycystic kidney disease ("PKD") is an inherited disorder in which clusters of cysts develop primarily within your kidneys, causing your kidneys to enlarge and lose function over time. Cysts are noncancerous round sacs containing fluid. The cysts vary in size, and they can grow very large. Having many cysts or large cysts can damage your kidneys. . . . [¶] [¶] It's not uncommon for people to have polycystic kidney disease for years without knowing it." Polycystic kidney disease, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/polycystic-kidney-disease/symptoms-causes/syc-20352820 (accessed Oct. 25, 2023).

specifically tie the allegations to such risk of immediate harm. Indeed, as pointed out by defendants, plaintiff specifically claims that he was injured by the "negligence of officers and inadequate medical staff." (ECF No. 10 at 5.) However, a defendant's negligence or "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. Castro, 833 F.3d at 1071 (citations omitted). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070). Therefore, even gross negligence does not establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); and DiMarzio v. Jacobs, 162 F. App'x 774, *1 (9th Cir. 1989).

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In light of the above, the moving defendants' motion to dismiss is granted with leave to amend.

Qualified Immunity

Moving defendants also claim that they are entitled to qualified immunity.

Determining whether officials receive qualified immunity involves two inquiries: (1) whether "taken in the light most favorable to the party asserting the injury," the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was "'clearly established' at the time of the violation." Tolan v. Cotton, 572 U.S. 650, 655-56 (2014) (per curiam) (brackets omitted) (citations omitted). To determine whether a constitutional right has been clearly established, we must "survey the legal landscape and examine those cases that are most like the instant case." Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996) (citation and internal quotation marks omitted). The contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (citation omitted).

Moving defendants argue that they are entitled to qualified immunity because plaintiff fails to state potentially colorable Fourteenth Amendment claims, and also argue that it is not

clearly established that their conduct violated the Constitution. Because defendants' motion to dismiss is granted with leave to amend, defendants' argument for qualified immunity is premature.

Leave to Amend

Defendants seek dismissal without leave to amend. However, the Ninth Circuit has held that a district court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegations of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Because plaintiff may be able to cure the pleading defects discussed above, dismissal is granted with leave to amend. Plaintiff is granted leave to file a third amended complaint as to moving defendants Foster and Perez, and plaintiff should include his claims as to defendant Rayome, who filed an answer on October 20, 2023.

Any third amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.

In the third amended complaint, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

In other words, plaintiff should allege facts addressing each element of his Fourteenth Amendment claim as to each defendant: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the

plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125

Any third amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, all prior pleadings are superseded.

Plaintiff should take care to include his claims as to defendant Rayome.

No Obligation to Respond

All parties are relieved of their obligation to respond to plaintiff's third amended complaint until further order of the court.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to dismiss (ECF No. 23) filed by defendants Foster and Perez is granted;

2. Plaintiff is granted leave to file a third amended complaint; and

3. Within thirty days from the date of this order, plaintiff shall file a third amended complaint as to defendants Foster and Perez and shall renew his claims as to defendant Rayome. These three defendants are relieved of their obligation to respond to plaintiff's amended pleading pending further order of court.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  October 30, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lina1692.mtd.12b6

10