1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL DANIEL LINAREZ-               No.  2:22-cv-1692 KJN P
      RODRIGUEZ,
12
                      Plaintiff,
13                                        ORDER AND FINDINGS AND
            v.                            RECOMMENDATIONS
14
      KORY L. HONEA, et al.,
15
                      Defendants.
16

17          Plaintiff is a Butte County Jail inmate, proceeding pro se.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19    pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's third amended complaint is

20    before the court.

21          As discussed below, the third amended complaint states a potentially cognizable

22    Fourteenth Amendment claim as to defendant Rayome but fails to state cognizable claims against

23    defendants Foster and Perez, who should be dismissed from this action.

24    Screening Standards

25          The court is required to screen complaints brought by prisoners seeking relief against a

26    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

                                              1

1    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

2          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8    Cir. 1989); Franklin, 745 F.2d at 1227.

9          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

10   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

11   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

12   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

13   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

14   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

15   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

16   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

17   McKeithen, 395 U.S. 411, 421 (1969).

18   Plaintiff's Allegations

19         Plaintiff again claims that his Fourteenth Amendment rights were violated by defendants'

20   failure to provide adequate medical care for plaintiff's kidney issues and pain.  Plaintiff seeks

21   money damages.  In addition to Physician Assistant Rayome,[1] plaintiff renews his claims against

22   defendants Sheriff's Deputy Esteban Perez and Sheriff's Sgt. Bryan Foster.

23         Specifically, plaintiff alleges the following.  On April 16, 2022, during the night, plaintiff

24   began feeling pressure in his back.  Plaintiff pushed his emergency call button to let the tower

25   officer know and see whether medical staff could come see plaintiff.  The tower officer responded

26

27   [1]  Although plaintiff identifies Rayome as "physician/medical" in the third amended complaint,
     Rayome was previously identified as a Physician Assistant.  (See ECF No. 10 at 3.)

28

that medical was busy, but he would let them know.  The pain became extreme, to the point where plaintiff could not sleep.  Plaintiff pressed his emergency button multiple times and advised passing officers that plaintiff was suffering severe pain.  At some point early morning on April 17, 2022, a nurse and an officer came to plaintiff's cell.  His vitals were taken, and plaintiff told the nurse about the gravity of his pain.  However, the nurse told plaintiff that she could not give plaintiff anything unless it was approved by the doctor, and no doctor was available at that time, but she would leave him a note.  That afternoon, plaintiff urinated a mixture of blood and urine and informed the tower officer as well as floor officers passing by.  At some point, plaintiff was provided a cup for urinalysis.  Plaintiff continued to endure untreated extreme pain throughout the entire day, with no medical treatment for the pain.

On April 18, 2022, plaintiff was called in to see defendant Rayome, who believed plaintiff was passing a kidney stone, and prescribed 800 mg ibuprofen and 1000 mg Tylenol and was given another urinalysis.  Despite such pain medication, plaintiff continued to endure pain all day on April 18, 2022, and could not sleep.  Early on the morning of April 19, 2022, plaintiff urinated dark blood.  He left the urine in the toilet and informed defendant Esteban Perez, and asked Perez if he could let medical know that plaintiff needed to see them because something was going on with plaintiff's back.  Perez responded that he would let medical know and did not treat plaintiff's situation as an emergency.  After Perez left the pod, plaintiff was released to dayroom at 7:00 a.m. where he pressed the emergency button and informed the tower officer of plaintiff's situation and need to see medical.  The tower officer said he would let medical know.  At 8:00 a.m., defendant Foster walked into the pod and plaintiff informed Foster of the situation.  Plaintiff asked Foster if plaintiff could see medical or could Foster call them, and Foster replied he would let them know.  Plaintiff alleges that defendants Perez and Foster never returned to the pod to give plaintiff an answer or to return with medical staff.  All day on April 19, 2022, plaintiff urinated dark blood and felt extreme pain in his lower back area.

At 4:00 p.m. on April 19, 2022, a nurse and Officer Miller came to plaintiff's cell to provide the ibuprofen and Tylenol.  Plaintiff told the nurse of the dark blood and that he had let Perez, Foster, and the tower officer know plaintiff needed to talk to medical.  The nurse "told

[plaintiff], unfortunately for kidney stones you kinda just gotta let them run [their] course, there's nothing they can do when it comes to a kidney stone." (ECF No. 46 at 7-8.)

Plaintiff's pain and dark blood on urination continued through April 20, 2022.  When it became painful to stand and walk, plaintiff pressed the emergency button in his cell and went "Man down." (ECF No. 46 at 8.)  The extreme pain felt unreal, sharp, and affected his breathing. Officer Rodriguez responded, and after plaintiff explained his symptoms, plaintiff walked slowly to medical where his vitals were checked, and another urinalysis was done.  Plaintiff was seen by Dr. Harris, who reviewed the last lab results, and shortly after, plaintiff was transported to Oroville Hospital where he received an IV, another urinalysis, blood draw, and a CT scan of his kidneys.  Dr. Irwin told plaintiff he had enlarged kidneys with bilateral innumerable cysts which could be polycystic kidney disease or von Hippel-Lindau disease and acquired cystic kidney disease.  Dr. Irwin advised plaintiff that ibuprofen is an inflammatory that plaintiff should not be taking, and plaintiff was referred to a kidney specialist.  (ECF No. 46 at 9.)  At Oroville Hospital, plaintiff received IV fluids and Toradol 30 mg IV which temporarily relieved plaintiff's pain. Plaintiff was returned to the jail, where his symptoms continued:  he urinated blood, felt pressure in his kidneys, had pain on and off after April 20, 2022, had nausea, vomited blood, and suffered sleep deprivation.

On June 8, 2022, plaintiff was seen by nephrologist Sanchez Palacious, who diagnosed plaintiff with polycystic kidney disease, hypertensive chronic kidney disease, and chronic kidney disease, stage 3a, and who continues to follow up with plaintiff.  Plaintiff avers that his kidney disease is progressive, and he should have been transported to the hospital for emergency treatment on April 16, 2022.  (ECF No. 46 at 10.)  Plaintiff contends he suffered a delay in medical treatment for his serious medical condition from April 16, 2022, to April 20, 2022, by defendant Rayome, and plaintiff continued to endure extreme pain on and off after April 20, 2022.  (ECF No. 46 at 11.)

In claim two, plaintiff alleges that because he was not seen immediately on April 16, 2022, and treated for an emergency medical issue, plaintiff was subjected to extreme pain. Plaintiff alerted defendants Perez and Foster on April 19, 2022, when plaintiff's symptoms

worsened, and their inaction imposed cruel and unusual punishment on plaintiff.  Plaintiff states

he was subjected to enduring internal severe pain and suffering, sleep deprivation, and nerve and

kidney damage due to the inactions of defendants.

Plaintiff seeks money damages.

Legal Standards

Because plaintiff is a pretrial detainee, his claim of inadequate medical care arises under

the Fourteenth Amendment and is evaluated under an objective deliberate indifference standard.

See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing Castro v. Cnty. of

Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc)).  The elements of such a claim are:

"(i) the defendant made an intentional decision with respect to the conditions under which the

plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious

harm; (iii) the defendant did not take reasonable available measures to abate that risk, even

though a reasonable official in the circumstances would have appreciated the high degree of risk

involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking

such measures, the defendant caused the plaintiff's injuries."  Gordon, 888 F.3d at 1125 (citing

Castro, 833 F.3d at 1071).

"With respect to the third element, the defendant's conduct must be objectively

unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular

case.'"  Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071 (quoted sources omitted)).

Moreover, a defendant's "mere lack of due care" is insufficient to state a Fourteenth

Amendment claim.  Castro, 833 F.3d at 1071 (citations omitted).  "Thus, the plaintiff must 'prove

more than negligence but less than subjective intent -- something akin to reckless disregard.'"

Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070).  Therefore, negligence, medical

malpractice or misdiagnosis does not establish a constitutional violation.  See Estelle v. Gamble,

429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely

because the victim is a prisoner."); Gordon, 888 F. 3d at 1124-25 (a pretrial detainee must show

more than a lack of due care or negligence.)

However, the delay of, or interference with, medical treatment for a serious medical need,

can amount to deliberate indifference.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

(citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991), overruled on other grounds

by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  The inmate must show

harm resulting from the delay.  Id.

Fourteenth Amendment Claims

      Defendant Rayome

      Liberally construed, plaintiff alleges that because prompt medical care and treatment was

not provided on April 16, 2022, he suffered blood in his urine on April 17, 2022, and extreme

pain, and because the polycystic kidney disease is progressive, plaintiff suffered physical injury,

including damage to his nerves and kidney.  Plaintiff alleges that defendant Rayome is

responsible for the delay by failing to provide prompt medical care and failing to provide plaintiff

adequate pain relief.  Despite prescribing ibuprofen and Tylenol to plaintiff on April 18, 2022,[2]

plaintiff continued to be in extreme pain on April 19, 2022, and off and on after April 20, 2022.

      For the limited purposes of § 1915A screening, the court finds the third amended

complaint states a potentially cognizable Fourteenth Amendment claim against defendant

Rayome.  See 28 U.S.C. § 1915A.  Defendant Rayome shall respond to plaintiff's third amended

complaint.

      2.  Defendants Perez and Foster

      On April 19, 2022, plaintiff told both Deputy Perez and Sgt. Foster that plaintiff was in

extreme pain and urinating dark blood and asked them to contact medical.  Both defendants Perez

and Foster are corrections officers, not medical staff, and both officers reasonably responded on

the morning of April 19, 2022, that they would inform medical.  Plaintiff's allegations fail to

---

[2]  To the extent plaintiff alleges Rayome should not have prescribed ibuprofen based on Dr. Irwin's diagnosis on April 20, 2022, plaintiff fails to state a cognizable claim.  Defendant Rayome was not aware of plaintiff's underlying kidney disease on April 18, 2022.  Plaintiff previously pled, under penalty of perjury, that defendant Rayome believed plaintiff was suffering from a kidney stone and prescribed ibuprofen for plaintiff's pain.  (ECF No. 1 at 4.)  The undersigned previously found that such allegation does not demonstrate Rayome's actions were objectively unreasonable, and that a misdiagnosis is insufficient to demonstrate a civil rights violation, but rather would constitute, at most, medical negligence or malpractice.  (ECF No. 5 at 5.)

1    demonstrate that either defendant made an intentional decision with respect to plaintiff's medical

2    condition that would put plaintiff at substantial risk of suffering serious harm.

3            Moreover, the afternoon of April 19, 2022, plaintiff was seen by a nurse at 4:00 p.m.  The

4    nurse explained to plaintiff that passing a kidney stone is painful and they couldn't do anything.

5    Taking all of plaintiff's allegations as true, plaintiff fails to demonstrate that either defendant

6    Perez or defendant Foster failed to take reasonable available measures by informing medical;

7    rather, it appears that medical staff were acting in response to defendant Rayome's diagnosis that

8    plaintiff was passing a kidney stone.  While it turned out that such diagnosis was incorrect,

9    plaintiff alleges no facts demonstrating that either defendant Perez or defendant Foster were

10   aware of a substantial risk of plaintiff suffering serious harm by informing medical of plaintiff's

11   complaints on April 19, 2022.  Of course, it is possible that neither defendant informed medical,

12   but plaintiff was seen by a nurse that afternoon, and the nurse's response confirmed that medical

13   staff believed plaintiff had to persevere through the passing of the kidney stone and could do

14   nothing further.

15           In addition, despite multiple amendments, plaintiff includes no other facts indicating that

16   either defendant Foster or Perez were otherwise involved.  Thus, plaintiff fails to demonstrate

17   either defendant knew or were aware that plaintiff needed medical treatment on April 16, 2022.

18   Finally, plaintiff had an emergency call button in his cell and if his medical condition worsened,

19   he could avail himself of the call button, which he did.

20           For the foregoing reasons, plaintiff fails to state a cognizable Fourteenth Amendment

21   claim as to defendants Foster and Perez and it is recommended that plaintiff's claims against

22   defendants Foster and Perez be dismissed.

23   Leave to Amend

24           On October 31, 2023, the motion to dismiss filed by defendants Foster and Perez was

25   granted, and plaintiff was provided an opportunity to plead additional facts as to the actions or

26   omissions of defendants Foster and Perez.  Plaintiff was instructed on the applicable law and

27   pleading requirements.  (ECF No. 44.)  Despite such opportunity, the third amended complaint

28   again fails to adequately state a claim against Foster and Perez.  The undersigned finds that any

1   further leave to amend would be futile.  Therefore, the undersigned recommends that plaintiff's

2   claims against defendants Foster and Perez be dismissed without further leave to amend.

3   <u>McKinney v. Baca</u>, 250 F. App'x 781 (9th Cir. 2007), citing <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

4   1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court

5   has afforded plaintiff one or more opportunities to amend his complaint); <u>see also</u> <u>Saul v. United</u>

6   <u>States</u>, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment

7   would be futile . . . or where the amended complaint would be subject to dismissal").

8   <u>Conclusion</u>

9       Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the date of

10   this order, defendant Rayome shall file a response to plaintiff's third amended complaint (ECF

11   No. 46).

12       Further, IT IS RECOMMENDED that plaintiff's claims against defendants Foster and

13   Perez be dismissed with prejudice.

14       These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16   after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19   objections shall be filed and served within fourteen days after service of the objections.  The

20   parties are advised that failure to file objections within the specified time may waive the right to

21   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22   Dated:  February 2, 2024

23

24   KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

25

26

27   /lina1692.57

28

8