UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL DANIEL LINAREZ-RODRIGUEZ,

Plaintiff,

v.

RAY RAYOME,[1]

Defendant.

No. 2:22-cv-1692 KJM CSK P

ORDER

Plaintiff, a Butte County Jail inmate, is proceeding pro se and in forma pauperis. Plaintiff filed multiple motions concerning law library access and discovery issues, which the Court addresses below.

I. Background

This action proceeds on plaintiff's third amended complaint. (ECF No. 46.) In the February 2, 2024 screening order, plaintiff's Fourteenth Amendment claims against defendant Rayome were summarized as follows:

> Liberally construed, plaintiff alleges that because prompt medical care and treatment was not provided on April 16, 2022, he suffered blood in his urine on April 17, 2022, and extreme pain, and because

[1] In his third amended complaint, plaintiff named Ray Rayome, Foster, and Perez as defendants. (ECF No. 46.) On May 9, 2024, plaintiff's claims against defendants Foster and Perez were dismissed, leaving Ray Rayome as the sole defendant. (ECF No. 57.) Therefore, the Clerk of the Court is directed to change the case name to the caption set forth herein.

> the polycystic kidney disease is progressive, plaintiff suffered physical injury, including damage to his nerves and kidney. Plaintiff alleges that defendant Rayome is responsible for the delay by failing to provide prompt medical care and failing to provide plaintiff adequate pain relief. Despite prescribing ibuprofen and Tylenol to plaintiff on April 18, 2022,[FN2] plaintiff continued to be in extreme pain on April 19, 2022, and off and on after April 20, 2022.
>
> [FN2: To the extent plaintiff alleges Rayome should not have prescribed ibuprofen based on Dr. Irwin's diagnosis on April 20, 2022, plaintiff fails to state a cognizable claim. Defendant Rayome was not aware of plaintiff's underlying kidney disease on April 18, 2022. Plaintiff previously pled, under penalty of perjury, that defendant Rayome believed plaintiff was suffering from a kidney stone and prescribed ibuprofen for plaintiff's pain. (ECF No. 1 at 4.) The undersigned previously found that such allegation does not demonstrate Rayome's actions were objectively unreasonable, and that a misdiagnosis is insufficient to demonstrate a civil rights violation, but rather would constitute, at most, medical negligence or malpractice. (ECF No. 5 at 5.)

(ECF No. 48 at 6.)

On May 10, 2024, the Court issued a Discovery and Scheduling Order. (ECF No. 58.) The discovery deadline is September 13, 2024, and the order required that all requests for discovery pursuant to Rules 31, 33, 34 or 36 be served no later than sixty days prior to that date. (Id. at 6.)

II. Plaintiff's Requests for Subpoenas

Plaintiff filed the following three requests concerning subpoenas. (ECF Nos. 60, 62, 66.)

On May 31, 2024, plaintiff filed a request to subpoena four video recordings from the Butte County Jail from (1) April 16, 2022 from 11:00 p.m. to 12:00 a.m.; (2) April 17, 2022 from 12:00 a.m. to 6:00 a.m.; (3) April 19, 2022 from 7:00 a.m. to 8:30 a.m.; and (4) April 20, 2022 7:00 a.m. to 10:30 a.m. (ECF No. 60.) In addition, plaintiff seeks documents the tower officer prepared on days plaintiff pressed the emergency button in his cell number 59. (Id.)

On June 3, 2024, plaintiff filed a request to subpoena his medical records concerning his kidney failure from April 16, 2022, through April 20, 2022, including the ultrasound video and pictures taken on April 22, 2022, entered on the medical clinic computers in the Butte County Jail, as well as medical records from September 16, 2018 to September 19, 2018, which would support his claim that he had blood in his urine. (ECF No. 62.) Plaintiff also requested the CT

scan x-ray photos/video from Oroville Hospital taken on April 20, 2022. (Id.)

On June 28, 2024, plaintiff submitted thirteen draft subpoenas accompanied by a note stating, "[e]nclosed are all the subpoenas I intend to issue out through the court's assistance due to I am an incarcerated Pretrial Detainee." (ECF No. 66.) It is unclear whether plaintiff served a copy of the proposed subpoenas on counsel for defendant as required under Rule 45 of the Federal Rules of Civil Procedure or Local Rule 250.5 because no proof of service was provided.

The Court addresses the requested subpoenas by category below.[2]

A. Subpoenas Duces Tecum

1. Governing Standards

Initially, the Court observes that "[d]istrict courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. Id. A subpoena duces tecum directs a non-party to an action to produce documents or other tangible objects for inspection and must be personally served. Fed. R. Civ. P. 45(b). Plaintiff is proceeding in forma pauperis and is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). The Court's authorization of a subpoena duces tecum requested by a plaintiff proceeding in forma pauperis is subject to limitations. "Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the Court. Austin v. Winett, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

[2] For ease of reference, the Court put the thirteen subpoenas in order by category and refers to the subpoenas by number. The first three subpoenas reference audio and video footage at the Butte County Jail. The fourth and fifth subpoenas seek medical records from Wellpath, Inc. The remaining eight subpoenas seek depositions from individuals employed at the Butte County Jail.

The Court must consider the following matters before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Also, the Court must consider the burden and expense to the non-party set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). In addition, a motion requesting the issuance of a subpoena duces tecum should be supported by the clear identification of the documents sought and from whom, and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. Jan. 13, 2010). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

2. Audio and Video Footage (Subpoenas Nos. 1-4)

The first three subpoenas provided by plaintiff are directed to the Butte County Jail seeking audio and video footage from the Butte County Jail C-Pod camera, all angles, for the following dates and times: (a) April 16, 2022 at 11:30 p.m. to April 17, 2022 at 5:00 a.m.; (b) April 19, 2022 at 7:00 a.m. to 8:30 a.m.; and (c) April 20, 2022 at 7:00 a.m. to 9:00 p.m. In a fourth subpoena, in addition to medical records, plaintiff seeks audio and video footage from the Wellpath Inc. Corporate Office ("Wellpath") for April 18, 2022, from 8:00 a.m. to 11:00 a.m.[3]

However, plaintiff's requests are problematic. First, it is not clear whether such audio and video footage exists. Second, although plaintiff's fourth subpoena directed to Wellpath includes a date and time, plaintiff does not identify the location where the alleged audio and video footage was taken. Plaintiff's third amended complaint does not indicate whether plaintiff was seen at a location other than C-Pod at the Butte County Jail, which might explain why he is seeking video from Wellpath. But generally, jail or security staff provides security surveillance cameras within the jail, even to medical facilities, such that jail or security staff would be responsible for

[3] Wellpath, Inc., is the corporation that provides health care at the Butte County Jail.

maintaining video footage, not medical providers. Third, because plaintiff is incarcerated, it is unclear how plaintiff would listen to audio or view video footage. Jail inmates are generally not permitted to have video equipment in their cells. Thus, even if plaintiff could retain a DVD in his cell, it is unlikely he could listen to it or watch it in his cell. Instead, special arrangements would need to be made with jail staff to allow plaintiff to listen to audio and/or watch video in a secure area. Fourth, if any relevant audio or video footage does exist, plaintiff is entitled to discover and have access to the audio and to view the video footage, but plaintiff has no authority to make such arrangements at the Butte County Jail.

Therefore, plaintiff's request to subpoena audio and video footage is denied without prejudice. If such audio or video footage does exist, counsel for defendant has or can obtain access to such audio and video footage and could arrange for plaintiff to have access to such evidence at the jail. Thus, within twenty-one days, counsel for defendant shall inform plaintiff whether such audio and video footage exists or not, and if it does exist, whether counsel for defendant will arrange for plaintiff to access the audio and video footage without a court order.[4] If the audio and video footage exists but defendants' counsel is unable to arrange for plaintiff's access to listen to the audio or view the videos, plaintiff shall file a motion to compel such access no later than fourteen days after plaintiff receives notice from defendants' counsel that such audio or video footage exists but that counsel cannot make the necessary arrangements at the Butte County Jail without a court order. Of course, if the parties can reach an agreement as to such arrangements, the Court will accept a stipulation and proposed order for review.

3. <u>Medical Records (Subpoena Nos. 4-5)</u>

The fourth subpoena, directed to Wellpath and requesting audio and video footage, also seeks computer documentation, and medical assessment of plaintiff. The fifth subpoena, also directed to Wellpath, seeks medical assessment documentation, Oroville Hospital transcripts forwarded to Wellpath medical staff, and plaintiff's computer file. However, in his motion,

---

[4] The times identified by plaintiff in his motion differed slightly from the times identified in the subpoenas. In an abundance of caution, and because plaintiff is entitled to discover all relevant evidence, the Court order requires defendant to address the lengthier times set forth by plaintiff.

plaintiff refers to records at the Butte County Jail and Oroville Hospital, and specifically seeks medical records from September 16, 2018 to September 19, 2018, kidney failure records from April 16, 2022 to April 20, 2022, including the ultrasound video and pictures taken on April 22, 2022, and CT scan x-ray photos/video from Oroville Hospital taken on April 20, 2022. (ECF No. 62.)

As a general rule, the court will not issue a subpoena for a prisoner's medical or other records unless he has demonstrated an inability to obtain them through regular prison or jail procedures. See, e.g., Glass v. Diaz, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007) (where prison medical records are "equally available to plaintiff, plaintiff must attempt to obtain them through the proper prison channels" before seeking court intervention based on a "showing that he has been unable to obtain these records on his own"). Further, as described above, plaintiff must demonstrate that each record sought is relevant and that the records are only obtainable through the identified nonparty. Davis, 2010 WL 1948560 at *1.

Here, plaintiff did not indicate that he first attempted to obtain his own medical records from his medical file at the Butte County Jail as required. See Glass, 2007 WL 2022034 at *4. In addition, the specific documents plaintiff requested in his motion differs from those set forth in his proposed subpoenas. Although plaintiff submitted subpoenas directed to Wellpath for medical records, he did not submit a subpoena directed to Oroville Hospital, or a subpoena for medical records directed to the Butte County Jail. Thus, it is unclear whether plaintiff intended to only seek medical records from Wellpath. Finally, the form subpoena refers to an attachment purporting to set forth the provisions of Rule 45(c), (d), (e), and (g), but plaintiff provided no attachment to either subpoena directed to Wellpath. The court form AO 88B includes a third page which sets forth the provisions of Rule 45(c), (d), (e), and (g). Administrative Office of the Courts, Subpoena to Produce Documents, Information, Or Objects Or to Permit Inspection of Premises in a Civil Action, revised Feb. 2014 (Form AO 88B). Further, Rule 45 requires that the provisions of Rule 45(d) and (e) be included in the subpoena. Fed. R. Civ. P. 45(a)(1).

Because of the above deficiencies, plaintiff's motion to subpoena his medical records is denied without prejudice. Plaintiff is granted leave to renew his motion to subpoena medical

records from nonparty Wellpath that addresses the relevance of the information sought, and identifies all of the records sought, by date or type, and shows that such records are only available through the identified nonparty. Such renewed motion should be accompanied by one proposed subpoena duces tecum directed to Wellpath that identifies the same specific medical records identified in his motion, and that rectifies the identified deficiencies. The Clerk of the Court is directed to send plaintiff another form AO 88B.

In the meantime, because plaintiff is raising Fourteenth Amendment medical claims, defendant's counsel may have a copy of plaintiff's relevant medical records. Plaintiff should contact counsel for defendant and ask if counsel has plaintiff's medical records and if counsel is willing to provide plaintiff a copy of his medical records. The Court observes that in his motion (ECF No. 62), plaintiff narrowly tailored his request to medical records clearly relevant to his Fourteenth Amendment claims.[5] Because plaintiff's Fourteenth Amendment medical claims involve only a limited time frame, the medical records should not be too voluminous.

4. Records from the Tower (Subpoena No. 4)

Plaintiff seeks documents the tower officer prepared on days plaintiff pressed the emergency button in his cell. (ECF No. 60.) However, plaintiff has not demonstrated that he cannot obtain these documents through discovery from a party to this litigation. For example, plaintiff could submit a request for production of such documents to defendant under Rule 34 of the Federal Rules of Civil Procedure. Plaintiff's request to subpoena tower records (ECF No. 60) is denied. However, plaintiff is granted fourteen days from the date of this order to serve a request for production of the relevant tower records on defendant. Fed. R. Civ. P. 34.

B. Subpoenas to Testify at Depositions (Subpoena Nos. 6-13)

The remaining eight subpoenas seek to depose various nonparty individuals employed at the Butte County Jail: Correctional Officer Galvez, Correctional Officer A. Ramirez, Correctional Sergeant Bryan Foster, Correctional Officer Givilay, Correctional Officer Ogden,

[5] Plaintiff also seeks video of the ultrasound and CT/x-ray. (ECF No. 62.) As with his other requests for video footage, it is unclear whether any medical procedure video exists. However, if such video exists, arrangements will need to be made for plaintiff to view such video.

Correctional Officer Esteban Perez, Correctional Officer Rodriguez, and Nurse Balpri. Plaintiff did not file a motion to depose these individuals, and his requests seeking the issuance of subpoenas do not address such depositions. (ECF Nos. 60, 62, 66.)

Under Rule 30(a) of the Federal Rules of Civil Procedure, a party may take a non-party's deposition without leave of court. Id. The non-party's "attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Under Rule 45, however, a subpoena commanding attendance at a deposition "must set out the text of Rule (d) and (e)," and "must state the method of recording the testimony." Fed. R. Civ. P. 45(a)(1). In addition, the subpoena must identify the place of compliance. Fed. R. Civ. P. 45(c). Because the subpoenas require each person's attendance, plaintiff must also "tender the fees for 1 day's attendance and the mileage allowed by law" for each person. Fed. R. Civ. P. 45(b)(1). In forma pauperis status granted under 28 U.S.C. § 1915 does not authorize a waiver of witness fees that are required to be tendered with subpoenas. Tedder v. Odel, 890 F.3d 210, 211-12 (9th Cir. 1989); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses.")

Here, the subpoena forms submitted by plaintiff claim that certain provisions of Rule 45 are attached.[6] However, no such attachments were provided by plaintiff for any of the eight subpoenas. Importantly, none of the subpoenas identify the place of compliance or the method of recording for each deponent's testimony. Thus, plaintiff's eight subpoenas for depositions are insufficient and the Court will not issue any of them.

In addition, plaintiff failed to demonstrate his ability to tender fees. Plaintiff's in forma pauperis status "does not entitle him to waiver of witness fees, mileage or deposition officer fees." Jackson v. Woodford, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007) (citing 28 U.S.C. § 1915(a); Tedder, 890 F.2d at 211. Review of plaintiff's application to proceed in

[6] Plaintiff used the proper court form. Administrative Office of the Courts, Subpoena to Testify at a Deposition in a Civil Action, revised Dec. 2020 (Form AO 88A). The first page of the form plaintiff submitted states that the provisions of Rule 45(c), (d), (e), and (g) are attached, but they were not actually attached. The complete court form contains such provisions on page three that plaintiff did not provide. See, e.g., Vega v. Soto, 2024 WL 870162 (E.D. Cal. Feb. 28, 2024) (appending blank form AO 88B which is three pages long).

forma pauperis and his inmate trust account statement (ECF No. 2) demonstrates that at the time he filed this action plaintiff was not capable of tendering the required fees for these eight subpoenas. Plaintiff remains housed in the Butte County Jail and there is no indication in the record that his financial circumstances have changed.

Finally, the Federal Rules of Civil Procedure require the party that is taking the deposition to bear the costs of the recording. Fed. R. Civ. P. 30(b)(3). Although plaintiff was granted leave to proceed in forma pauperis, plaintiff is not entitled to a waiver of deposition costs because he is indigent. Goodlow v. Camacho, 2021 WL 3516478, at *1 (S.D. Cal. Aug. 10, 2021) (quoting Owens v. Degazio, 2019 WL 3253934, at *2 (E.D. Cal. July 19, 2019) ("Plaintiff's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript."). In addition, plaintiff's in forma pauperis status does not entitle him to the "court-ordered appointment of a court reporter or officer of the court." Mascorro v. City of San Diego, 2024 WL 1421964, at *1 (S.D. Cal. Apr. 1, 2024).

Therefore, plaintiff's request for the issuance of eight subpoenas to testify at a deposition is denied. (ECF No. 66.) Absent some showing that plaintiff is able to tender witness fees and mileage, as well as pay deposition costs, the Court is not inclined to issue a subpoena to testify at a deposition. However, if plaintiff can demonstrate he is able to tender witness fees and mileage, and pay deposition costs, he may file a motion to subpoena for deposition, provided the motion is accompanied by a properly completed subpoena, as discussed above.

III. Plaintiff's Filing Concerning Library Access

On June 3, 2024, plaintiff submitted a letter stating that he was having difficulty accessing the law library at the Butte County Jail and provided a copy of a grievance concerning such lack of access. (ECF No. 61 at 2.) Plaintiff did not ask for specific court action. (Id.) On June 20, 2024, plaintiff filed another letter stating that he was finally granted pro per status in the Butte County Jail law library on June 12, 2024. (ECF No. 65.) To the extent plaintiff sought relief as to his law library access, it appears such request is now moot. Therefore, plaintiff's June 3, 2024 filing is denied without prejudice.

IV. Plaintiff's Request for Assistance re Names of Witnesses

In another June 3, 2024 request, plaintiff stated he "wished to subpoena many witnesses with [the] Butte County Jail," but he only knows the officer's last names, and the first names of a few nurses. (ECF No. 63.) Plaintiff sought the court's assistance in obtaining the complete names of these witnesses so that he can subpoena them. Plaintiff is advised that the Court does not investigate or obtain information for the parties. Instead, plaintiff must obtain the names of these witnesses through discovery or by reviewing his medical records. Because plaintiff recently submitted multiple draft subpoenas, it is unclear whether plaintiff still needs this information. Plaintiff's motion for court assistance is denied. (ECF No. 63.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 31, 2024 motions to subpoena audio and video footage from the Butte County Jail and Wellpath (ECF Nos. 60, 66) are denied without prejudice. Within twenty-one days from the date of this order, counsel for defendant shall notify plaintiff whether or not the following audio and video footage exists: (a) from the Butte County Jail C-Pod camera, all angles, for the following dates and times: April 16, 2022 at 11:00 p.m. to April 17, 2022 at 6:00 a.m.; April 19, 2022 at 7:00 a.m. to 8:30 a.m.; and April 20, 2022 at 7:00 a.m. to 9:00 p.m.; and (b) any audio or video footage from April 18, 2022, from 8:00 a.m. to 11:00 a.m., either from the Butte County Jail C-Pod camera, all angles, or from where plaintiff was provided medical care at the Butte County Jail during that time frame. If any relevant audio or video footage exists, counsel for defendant shall inform plaintiff whether counsel will arrange for plaintiff to listen to or view such evidence, as discussed above.

2. Plaintiff's motion to subpoena tower records (ECF No. 60) is denied. Plaintiff is granted fourteen days from the date of this order to serve a request for production of these tower records on defendant.

3. Plaintiff's motion regarding law library access (ECF No. 61) is denied without prejudice.

4. Plaintiff's motions to subpoena medical records (ECF Nos. 62, 66) are denied without prejudice. Plaintiff is granted leave to renew his motion to subpoena medical records from

Wellpath, Inc., accompanied by a proposed subpoena duces tecum, as set forth above.

5. Plaintiff's motion for Court assistance (ECF No. 63) is denied.

6. Plaintiff's motion for subpoenas to testify at a deposition (ECF No. 66) is denied without prejudice.

7. The Clerk of the Court is directed to: (a) change the case name to Linarez-Rodriguez v. Ray Rayome, (b) send plaintiff AO form AO 88B, and (c) scan into the record the first page of each of the 13 subpoenas submitted by plaintiff (ECF No. 67) and retain the originals in the Court record.

Dated: July 16, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lina1692.subp