UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DANIEL LINAREZ-RODRIGUEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>RAY RAYOME,<br><br>        Defendant. | No. 2:22-cv-1692 KJM CSK P<br><br>ORDER |

      Plaintiff, a Butte County Jail inmate, is proceeding pro se and in forma pauperis. On July 17, 2024, the Court denied plaintiff's motion for subpoenas, and ordered defendant to notify plaintiff whether the requested video footage exists and if it does, whether defense counsel would arrange to have plaintiff view the footage. (ECF No. 68.) Before plaintiff received defendant's response to the order, plaintiff filed a notice concerning his medical records, and a request for status accompanied by ten more proposed subpoenas to testify at depositions. (ECF No. 69, 70.) On July 29, 2024, counsel for defendant filed a response to the July 17, 2024 order. (ECF No. 71.) The Court addresses plaintiff's filings below.

I.    <u>Background</u>

      This action proceeds on plaintiff's third amended complaint. (ECF No. 46.) In the February 2, 2024 screening order, plaintiff's Fourteenth Amendment claims against defendant Rayome were summarized as follows:

1

>Liberally construed, plaintiff alleges that because prompt medical care and treatment was not provided on April 16, 2022, he suffered blood in his urine on April 17, 2022, and extreme pain, and because the polycystic kidney disease is progressive, plaintiff suffered physical injury, including damage to his nerves and kidney. Plaintiff alleges that defendant Rayome is responsible for the delay by failing to provide prompt medical care and failing to provide plaintiff adequate pain relief. Despite prescribing ibuprofen and Tylenol to plaintiff on April 18, 2022,[FN2] plaintiff continued to be in extreme pain on April 19, 2022, and off and on after April 20, 2022.
>
>[FN2: To the extent plaintiff alleges Rayome should not have prescribed ibuprofen based on Dr. Irwin's diagnosis on April 20, 2022, plaintiff fails to state a cognizable claim. Defendant Rayome was not aware of plaintiff's underlying kidney disease on April 18, 2022. Plaintiff previously pled, under penalty of perjury, that defendant Rayome believed plaintiff was suffering from a kidney stone and prescribed ibuprofen for plaintiff's pain. (ECF No. 1 at 4.) The undersigned previously found that such allegation does not demonstrate Rayome's actions were objectively unreasonable, and that a misdiagnosis is insufficient to demonstrate a civil rights violation, but rather would constitute, at most, medical negligence or malpractice. (ECF No. 5 at 5.)

(ECF No. 48 at 6.)

On May 10, 2024, the Court issued a Discovery and Scheduling Order. (ECF No. 58.) The discovery deadline is September 13, 2024, and the order required that all requests for discovery pursuant to Rules 31, 33, 34 or 36 be served no later than sixty days prior to that date. (Id. at 6.)

II.     Plaintiff's Request for 2018 Medical Records

In his July 18, 2024 request, plaintiff informed the Court that he received his medical records, but they did not include his records from his housing at the Butte County Jail from January to October of 2018. (ECF No. 69.) Plaintiff provided a memo from the medical unit stating they "don't have access to 2018 records in their current system." (Id. at 2.) The Court construes plaintiff's request as a motion to subpoena his 2018 medical records. However, plaintiff did not provide a completed subpoena for the Court to issue. Thus, plaintiff's motion is denied without prejudice, and plaintiff is granted leave to submit a completed subpoena to produce documents, along with a renewed request to issue the subpoena.

///

///

III. <u>Plaintiff's Request for Status of Video Footage</u>

In his July 22, 2024 filing, plaintiff sought the status of his request to obtain video footage from the Butte County Jail and asked to "get the Court Order granted." (ECF No. 70.) However, plaintiff's request was signed on the same day the Court issued the July 17, 2024 order. Therefore, plaintiff's request is premature. Plaintiff must comply with the July 17, 2024 order and provide a completed subpoena in order to obtain the requested video footage because defendant's counsel advised that the Butte County Jail would not release the footage without a subpoena. (ECF No. 71.) Thus, plaintiff's July 22, 2024 request (ECF No. 70) is denied without prejudice.

IV. <u>Plaintiff's Request for Additional Subpoenas to Testify at Deposition</u>

In addition, plaintiff submitted ten more proposed subpoenas to testify at deposition. (ECF No. 70 at 2-21.) He seeks to depose Butte County Jail inmates Michael Ernest Mitchum and Eduardo Jimenez; former jail inmate Ricardo Banuelos; nurses Manuel Salinas, Daniela Shoemaker, Lauren Melville, Kaur Balpreet, and Kayla Dealba, who work at the Butte County Jail; defendant Ryan Rayome, PA; and Butte County Correctional Officer Nava. (<u>Id.</u>) These proposed subpoenas suffer from the same defects identified in the July 17, 2024 order. Because plaintiff filed this motion before he received the Court's July 17, 2024 order, the Court will not repeat the deficiencies here.

As to his request to subpoena defendant Rayome for deposition, plaintiff does not need to subpoena defendant to sit for deposition because he is a party to this litigation. But plaintiff is still required to demonstrate his ability to pay for the attendant deposition costs, such as the court reporter. <u>Jackson v. Woodford</u>, 2007 WL 2580566, at *1. (S.D. Cal. Aug. 17, 2007) (Plaintiff's in forma pauperis status . . . does not entitle him to waiver of . . . deposition officer fees"); <u>Goodlow v. Camacho</u>, 2021 WL 3516478, at *1 (S.D. Cal. Aug. 10, 2021) (quoting <u>Owens v. Degazio</u>, 2019 WL 3253934, at *2 (E.D. Cal. July 19, 2019) ("Plaintiff's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript.").

3

For the above reasons, and those set forth in the July 17, 2024 order, plaintiff's request for ten more subpoenas to testify at deposition (ECF No. 70) is denied without prejudice. Absent some showing that plaintiff is able to tender witness fees and mileage, as well as pay deposition costs, the Court is not inclined to issue a subpoena to testify at a deposition. However, if plaintiff can demonstrate he is able to tender witness fees and mileage, and pay deposition costs, he may file a motion to subpoena for deposition, provided the motion is accompanied by a properly completed subpoena.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 18, 2024 notice, construed as a motion to subpoena his 2018 medical records (ECF No. 69), is denied without prejudice.

2. Plaintiff's July 22, 2024 request (ECF No. 70) is denied without prejudice.

3. Plaintiff's request for ten more subpoenas to testify at deposition (ECF No. 70) is denied without prejudice.

4. The Clerk of the Court is directed to send plaintiff two copies of Form AO-0088B, <u>Subpoena to Produce Documents, Information, Or Objects Or to Permit Inspection of Premises in a Civil Action</u>.

Dated: July 31, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lina1692.subp2