UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DANIEL LINAREZ-RODRIGUEZ, | No. 2:22-cv-1692 KJM CSK P |
| Plaintiff, | |
| v. | ORDER |
| RAY RAYOME, | |
| Defendant. | |

Plaintiff, a Butte County Jail inmate, is proceeding pro se and in forma pauperis. On July 29, 2024, plaintiff filed an exhibit and witness list, and sought an extension of time to obtain the tower records through the jail grievance process. (ECF No. 72.) The Court addresses plaintiff's filing below.

I. <u>Background</u>

This action proceeds on plaintiff's third amended complaint. (ECF No. 46.) In the February 2, 2024 screening order, plaintiff's Fourteenth Amendment claims against defendant Rayome were summarized as follows:

> Liberally construed, plaintiff alleges that because prompt medical care and treatment was not provided on April 16, 2022, he suffered blood in his urine on April 17, 2022, and extreme pain, and because the polycystic kidney disease is progressive, plaintiff suffered physical injury, including damage to his nerves and kidney. Plaintiff alleges that defendant Rayome is responsible for the delay by failing to provide prompt medical care and failing to provide plaintiff

1

      adequate pain relief. Despite prescribing ibuprofen and Tylenol to plaintiff on April 18, 2022,[FN2] plaintiff continued to be in extreme pain on April 19, 2022, and off and on after April 20, 2022.

      [FN2: To the extent plaintiff alleges Rayome should not have prescribed ibuprofen based on Dr. Irwin's diagnosis on April 20, 2022, plaintiff fails to state a cognizable claim. Defendant Rayome was not aware of plaintiff's underlying kidney disease on April 18, 2022. Plaintiff previously pled, under penalty of perjury, that defendant Rayome believed plaintiff was suffering from a kidney stone and prescribed ibuprofen for plaintiff's pain. (ECF No. 1 at 4.) The undersigned previously found that such allegation does not demonstrate Rayome's actions were objectively unreasonable, and that a misdiagnosis is insufficient to demonstrate a civil rights violation, but rather would constitute, at most, medical negligence or malpractice. (ECF No. 5 at 5.)]

(ECF No. 48 at 6.)

      On May 10, 2024, the Court issued a Discovery and Scheduling Order. (ECF No. 58.) The discovery deadline is September 13, 2024, and the order required that all requests for discovery pursuant to Rules 31, 33, 34 or 36 be served no later than sixty days prior to that date. .(Id. at 6.)

      On July 17, 2024, the Court denied plaintiff's motions for subpoenas, but granted plaintiff fourteen days to serve a request for production of the tower records on defendant. (ECF No. 68 at 10 ¶ 2.)

II.    Plaintiff's Exhibit and Witness List

      In the Discovery and Scheduling Order, the parties were advised that "should this matter proceed to trial," the Court would subsequently issue an order requiring the parties to file pretrial statements and motions for the attendance of witnesses. (ECF No. 58 at 2.) In the pretrial statement, the parties will identify proposed exhibits and witnesses for trial. Local Rule 281. However, at present, the parties are engaged in discovery, and the pretrial motions deadline has not yet expired. Therefore, plaintiff prematurely filed his exhibit and witness list, which is disregarded. Plaintiff shall not file a pretrial statement or an additional exhibit or witness list until the Court orders him to do so.

III.    Request for Extension

      Plaintiff seeks an extension of time to comply with the Court's order concerning the tower

records but claims he may use the jail grievance process to attempt to obtain the tower records and does not believe he can receive the information within fourteen days.  (ECF No. 72 at 1.) Plaintiff is advised that he does not need an extension of time to file a jail grievance in an effort to obtain the tower records.  In addition, the order did not require that plaintiff receive the information within fourteen days.  Rather, the Court granted plaintiff an extension of time to submit a discovery request to defendant, because the deadline to propound discovery requests had already expired.  (ECF No. 58 at 6.)  If plaintiff does not intend to submit a request for production of documents to defendant in an effort to obtain the tower records, no extension of time is necessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 29, 2024 exhibit and witness list (ECF No. 72 at 2) is disregarded.

2. Plaintiff's request for extension (ECF No. 72) is denied as unnecessary.

Dated: July 31, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lina1692.tow.den

3