UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL DANIEL LINAREZ-RODRIGUEZ,

Plaintiff,

v.

RYAN RAYOME,[1]

Defendant.

No. 2:22-cv-1692 KJM CSK P

ORDER AND ORDER REVISING SCHEDULING ORDER

Plaintiff, a Butte County jail inmate proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On September 3, 2024, defendant filed a motion to extend the discovery deadlines or, in the alternative, issue a new scheduling order. (ECF No. 77.) Plaintiff's motion for subpoena and protective order is also pending. (ECF No. 75.) Good cause appearing, as set forth below, the motion for an extension is granted, and the parties are directed to file additional documents in connection with plaintiff's motion to subpoena video footage.

## I. BACKGROUND

Plaintiff is a pretrial detainee. This action proceeds on plaintiff's third amended complaint. (ECF No. 46.) In the February 2, 2024 screening order, plaintiff's Fourteenth

[1] On July 17, 2024, the case name was changed as set forth herein. (ECF No. 68.) Counsel for defendant shall adopt this case caption in all future filings.

Amendment claims against defendant Rayome were summarized as follows:

> Liberally construed, plaintiff alleges that because prompt medical care and treatment was not provided on April 16, 2022, he suffered blood in his urine on April 17, 2022, and extreme pain, and because the polycystic kidney disease is progressive, plaintiff suffered physical injury, including damage to his nerves and kidney. Plaintiff alleges that defendant Rayome is responsible for the delay by failing to provide prompt medical care and failing to provide plaintiff adequate pain relief. Despite prescribing ibuprofen and Tylenol to plaintiff on April 18, 2022,[FN2] plaintiff continued to be in extreme pain on April 19, 2022, and off and on after April 20, 2022.
>
> [FN2: To the extent plaintiff alleges Rayome should not have prescribed ibuprofen based on Dr. Irwin's diagnosis on April 20, 2022, plaintiff fails to state a cognizable claim. Defendant Rayome was not aware of plaintiff's underlying kidney disease on April 18, 2022. Plaintiff previously pled, under penalty of perjury, that defendant Rayome believed plaintiff was suffering from a kidney stone and prescribed ibuprofen for plaintiff's pain. (ECF No. 1 at 4.) The undersigned previously found that such allegation does not demonstrate Rayome's actions were objectively unreasonable, and that a misdiagnosis is insufficient to demonstrate a civil rights violation, but rather would constitute, at most, medical negligence or malpractice. (ECF No. 5 at 5.)

(ECF No. 48 at 6.)

On May 10, 2024, the Court issued a Discovery and Scheduling Order. (ECF No. 58.) The discovery deadline is September 13, 2024, and the order required that all requests for discovery pursuant to Rules 31, 33, 34 or 36 be served no later than sixty days prior to that date. (Id. at 6.) The pretrial motions deadline was set for December 13, 2024. (Id.)

Subsequently, plaintiff filed multiple motions. (ECF Nos. 59-63, 65-66.) On July 17, 2024, plaintiff's motions were denied without prejudice; in pertinent part, defendant was ordered to notify plaintiff whether the described video footage existed, and whether counsel could arrange for plaintiff to view the video footage without a court order. (ECF No. 68.)

Meanwhile, plaintiff filed two more motions for subpoenas. (ECF Nos. 69, 70.)

On July 29, 2024, defendant filed a response to the July 17, 2024 order, confirming that the video footage exists, but stating that the Butte County Jail would not release the video footage without a subpoena and a protective order. (ECF No. 71.)

On July 31, 2024, plaintiff's motion to subpoena 2018 medical records from the Butte County Jail was denied without prejudice. (ECF No. 73 at 2.) Plaintiff's request to subpoena

video footage from the Butte County Jail was denied as premature because it was filed the same day the Court issued the July 17, 2024 order. (Id. at 3.) Plaintiff was advised that he must provide a completed subpoena in order to obtain the requested video footage because defendant's counsel advised that the Butte County Jail would not release the footage without a subpoena. (Id.) Plaintiff was provided with two subpoena forms. (Id. at 4.)

Plaintiff also filed a request to extend time to obtain tower records through the jail grievance process. (ECF No. 72.) On August 1, 2024, plaintiff's request was denied as unnecessary. (ECF No. 74.)

On August 7, 2024, plaintiff filed a copy of defendant's letter confirming the existence of video footage, and noted the jail would not allow plaintiff to view the video footage without a subpoena and a protective order. (ECF No. 75.) Plaintiff added that he cannot view the video in his cell, but that "law library personnel, law interns may hold a U.S.B. drive and [he] may view video footage and pictures that way, if [he gets] a court order." (Id. at 1.) Plaintiff requested a subpoena and a protective order. (Id.)

That same day, plaintiff filed a notice that he filed a grievance requesting the tower records concerning how often he pressed the emergency button in his cell in April 2022, and was not sure how long it would take jail staff to respond. (ECF No. 76.)

On September 3, 2024, defendant filed his motion to extend the discovery deadline or issue a new scheduling order. Defendant recounts his difficulties in initially scheduling plaintiff's deposition for July 15, 2024, as well as additional difficulties in rescheduling the deposition after the July 15, 2024 deposition date had to be cancelled. Defendant contacted the jail over six times, but it was not until August 20, 2024 that defendant was able to reschedule the deposition for September 17, 2024, which is four days beyond the current discovery deadline. (ECF No. 77 at 4.) Defendant seeks to extend the discovery deadline by 45 days to allow defendant time to complete plaintiff's deposition, conduct any further written discovery, and potentially file a motion for summary judgment. (Id. at 5.) Defendant asks the Court to set revised deadlines of October 28, 2024 for the discovery deadline, and January 27, 2025, for the dispositive motions deadline. (Id.)

## II. DEFENDANT'S MOTION FOR EXTENSION

Defendant's motion for extension seeks to modify the Court's Discovery and Scheduling Order.

### A. Standards Governing Modifications to Scheduling Orders

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

### B. Discussion

This record reflects that both parties have been diligent in the discovery process. The Court finds defendant has shown good cause to modify the discovery deadline. Therefore, defendant's motion is granted. The discovery deadline is continued to October 28, 2024, and the pretrial motions deadline is continued to January 27, 2025. In all other respects, the May 10, 2024 Discovery and Scheduling Order remains in effect.

## III. PLAINTIFF'S MOTION FOR SUBPOENA AND PROTECTIVE ORDER

As noted above, plaintiff renewed his motion for subpoena to obtain the relevant video footage; however, plaintiff did not provide a completed subpoena. Plaintiff was previously advised that he must provide a completed subpoena in order to obtain the requested video footage. (ECF No. 73.) Therefore, plaintiff's motion for a subpoena is denied without prejudice to its renewal accompanied by a completed subpoena. Plaintiff should specifically identify all of the video footage he seeks to review in one subpoena. The Court previously provided plaintiff with two subpoena forms.

In addition, plaintiff sought a protective order. As noted by counsel for defendant, Butte County Jail Lieutenant Jarrod Agurkis advised that "due to the presence of other inmates in the footage, the video cannot be released without a subpoena and a protective order." (ECF No. 71 at

1.) In order to expedite the processing of plaintiff's subpoena, defendant is directed to draft a protective order and submit it to the Court.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for extension (ECF No. 77) is granted.
2. The Discovery and Scheduling Order (ECF No. 58) is modified as follows: (a) the September 13, 2024 discovery deadline is continued to **October 28, 2024**, and the December 13, 2024 pretrial motions deadline is continued to **January 27, 2025**. In all other respects, the May 10, 2024 Discovery and Scheduling Order remains in effect.
3. Plaintiff's motion for subpoena (ECF No. 75) is denied without prejudice. Within twenty-one days from the date of this order, plaintiff shall complete the subpoena form and submit it to the Court along with his renewed motion for subpoena.
4. Plaintiff's motion for protective order (ECF No. 75) is partially granted. Within twenty-one days from the date of this order, counsel for defendant shall submit to the Court a proposed protective order governing plaintiff's viewing of the video footage of the incidents herein.

Dated: September 9, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lina1692.16b