UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL DANIEL LINAREZ RODRIGUEZ,

Plaintiff,

v.

RYAN RAYOME,[1]

Defendant.

No. 2:22-cv-1692 DC CSK P

ORDER AND REVISED SCHEDULING ORDER

Plaintiff is a state prisoner proceeding pro se. Requests to extend the pretrial motions deadline are pending, along with plaintiff's request for appointment of counsel. As discussed below, the requests are granted, and plaintiff's request for appointment of counsel is denied without prejudice.

I. PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff alleges that at the time plaintiff was housed in the Butte County Jail, defendant Rayome failed to provide adequate medical care for plaintiff's kidney issues and pain in violation of the Fourteenth Amendment.[2] (ECF No. 46.)

[1] On July 17, 2024, the case name was changed as set forth herein. (ECF No. 68.) As noted in that order, all previously-named defendants have been dismissed, leaving Ray Rayome as the sole defendant. (Id. at 1 n.1.)

[2] In the February 2, 2024 findings and recommendations, the Court set forth plaintiff's detailed allegations, which are not repeated here. (ECF No. 48 at 2-5.)

## II. PROCEDURAL BACKGROUND

On May 10, 2024, this Court issued its first discovery and scheduling order. (ECF No. 58.) On September 9, 2024, this Court granted defendant's request to extend the discovery deadline, noting plaintiff's discovery motions were also pending, and issued a revised discovery and scheduling order. (ECF No. 79.) The discovery deadline was extended to October 28, 2024, and the pretrial motions deadline was extended to January 27, 2025. (Id.)

Discovery closed on October 28, 2024. (Id.)

On November 25, 2025, this action was stayed pursuant to a notice of bankruptcy (ECF No. 86), and defendant was directed to file status reports to advise the Court of the status of the bankruptcy proceedings. (ECF No. 87.) Defendant filed a notice of the lifting of the bankruptcy stay (ECF No. 94), and on April 2, 2026, filed the instant motion for a revised scheduling order (ECF No. 96). In the meantime, plaintiff was transferred to state custody. (ECF No. 89.)

On April 20, 2026, this Court lifted the stay of this action and issued a revised scheduling order setting the pretrial motions deadline for July 10, 2026.

On May 11, 2026, plaintiff notified the Court of his transfer to a different prison, stated he was trying to obtain his legal documents from his wife, and asked for the appointment of counsel if this case goes to trial. (ECF No. 98.)

On June 29, 2026, plaintiff filed a motion for 28 day extension of time because he is in the process of obtaining a witness affidavit. (ECF No. 99.) On July 6, 2026, counsel for defendant joined in plaintiff's request, noting plaintiff did not specify the deadline he sought to extend, but because the sole pending deadline is the pretrial motions deadline, defendant also needs additional time to review potential new evidence from plaintiff. (ECF No. 100.)

## III. MOTIONS TO EXTEND PRETRIAL MOTIONS DEADLINE

### A. Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified

'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

B. Discussion

The parties' motions to extend the pretrial motions deadline were filed prior to the expiration of the revised pretrial motions deadline and therefore are timely. (ECF No. 99, 100.) Plaintiff states that he needs additional time to obtain a witness affidavit due to the prison being on modified program limiting his access to the law library. (ECF No. 99 at 2.) In addition, plaintiff's recent transfer deprived plaintiff of access to his legal property. (ECF No. 98 at 1.) This is plaintiff's first request, and he has demonstrated good cause to extend the pretrial motions deadline.

Defendant also shows good cause to extend the pretrial motions deadline based on defendant's need to review the additional evidence obtained by plaintiff. (ECF No. 100 at 1-2.) Plaintiff is advised that once he obtains the witness affidavit, he must promptly serve the affidavit on counsel for defendant. Because defendant will require time to review the additional evidence prior to the pretrial motions deadline, the Court will grant plaintiff's request for an extension of time of 28 days to obtain the witness affidavit, and will extend the pretrial motions deadline for an additional period to allow the parties time to review the affidavit and prepare any pretrial motion.

Good cause appearing, the parties' motions to extend the pretrial motions deadline are granted. (ECF Nos. 99, 100.)

IV. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel. (ECF No. 98.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion is denied without prejudice.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend the pretrial motions deadline (ECF No. 99) is granted.
2. Plaintiff is granted until August 7, 2026, to obtain the witness affidavit. Plaintiff shall serve the witness affidavit on counsel for defendant.
3. Defendant's joinder in plaintiff's motion to extend the pretrial motions deadline (ECF No. 100) is also granted.
4. The pretrial motions deadline is extended to September 8, 2026.
5. All pretrial motions, except motions to compel discovery, shall be filed on or before **September 8, 2026**. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. L.R. 230(l). Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value. Opposition to all other motions need be filed only as directed by the court.

///

///

6. Plaintiff's motion for appointment of counsel (ECF No. 98) is denied without prejudice.

Dated: July 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lina1692.16b2